IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DON KING PRODUCTIONS, INC.,**<br>    **Plaintiff**<br><br>   **v.**<br><br>**JOSE OTERO, et al.,**<br>    **Defendants** | **Civil No. 04-2155(JAG)** |

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
## FOR ENTRY OF DEFAULT JUDGMENT

**I.     Procedural Background**

On February 25, 2004, the Court referred for disposition the motions at **Docket Entries Nos. 69 and 70** (Referral of Motion to Quash Summons and Referral for Entry of Default Judgment, respectively). *See Docket No. 74.* Also, on February 25, 2005, the Court held in abeyance **Docket No. 62** (For Entry of Default as to Defendant Omar Mojica, the Conjugal Partnership d/b/a/ Ocho Pizza's Burger) pending the outcome of the motion to quash summons filed at **Docket No. 69** . *See **Docket No. 71***. The issues raised at **Docket Entries Nos. 62, 68, 69 and 71** were also referred for disposition.

The record reflects that within **Docket No. 70** the Court referred 13 motions or requests for entry of default judgment. These motions were set for discussion at an evidentiary hearing held on April 29, 2005[1]. *See **Docket No. 84***.

The record also reflects that after the February 25, 2005, referral, plaintiff sought and obtained entries of default as to several other parties, namely: Angel Díaz-Rivera, the Conjugal Partnership Díaz-Doe d/b/a

---

[1]Default had been entered against the defendants on February 28, 2005.  *See **Docket Entry No. 75**.*

Civil 04-2155 (JAG)                                                Page 2

---

Broadway Bar and Grill **(Docket No. 77**, dated March 7, 2005)[2]; Ireida Vázquez and Restaurante y Pescaderia Iremar, Inc. **(Docket No. 78**, dated March 7, 2005)[3]; Ireida Vázquez **(Docket No.79**, dated March 7, 2005).[4]

Prior to the hearing, plaintiff Don King Productions, Inc. filed a ''Memorandum of Law in Support of a Request for Judgment by Default'' **(Docket No. 80)**. Plaintiff requests that judgment be entered ordering each defendant to pay the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $100,000 pursuant to § 605(e)(3)(C)(ii) upon a determination that the violations were willfully and for purpose of direct or indirect commercial advantage or private financial gain and the sum of $5,170.00 in attorney's fees and costs.

While the pending motions have been referred for final disposition, the undersigned issues a report and recommendation inasmuch as, no party has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. While consent to a magistrate judge's designation can be inferred from a party's conduct during litigation, there can be no inference of conduct when a party that has been served, has not appeared and is in default. *See Roell v. Withrow*, 538 U.S. 580 (2003); *see also Henry v. Tri-Services, Inc*, .33 F.3d 931 (8th Cir. 1994) (magistrate judge who entered a default judgment, lacked authority to enter final judgment where record

---

[2]Default was entered as to Angel Díaz-Rivera at **Docket Entry No. 82**, dated March 10, 2005.

[3]Default was entered on March 10, 2005, as to Restaurante & Pescaderia Iremar, Inc. **(Docket No. 82)**.

[4]Default was entered on March 7, 2005, as to Ireida Vazquez **(Docket Entry No. 82)**.

contained no clear statement that party, which had not yet entered appearance in action when other parties agreed to have final judgment determined by magistrate judge, ratified such agreement).

I.    **Factual Background**

The Complaint alleges violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605.  Don King alleges that the named defendants violated said act when on December 13, 2003 and March 1, 2003, they exhibited closed-circuit broadcast boxing matches that were not intended for the use of the general public, and that the defendants were not authorized to exhibit.  The Complaint alleges that the defendants misappropriated Don King's licensed exhibition of the boxing matches and infringed upon its rights while avoiding proper payment to it.  It is also alleged that the defendants' purpose and express intent and willfulness in committing said actions was to secure a financial gain and commercial advantage.

The matter was called for a hearing April 29, 2005, on the issue of entry of default judgment and damages.  Counsel for plaintiff and counsel for defendants Omar Mojica and El Ocho Pizzas Burger appeared at the hearing.

Inasmuch as, there are a number of defendants and in an effort to simplify things, where default judgment is sought, the procedural status of the case as to each defendant and the related business wherein the unauthorized action took placed will be set forth.  They are as follows:

1.    **Black Bandit**

**José Cortés** formerly José Otero.  Default was entered at **Docket Nos. 70, 75**.  Default judgment is sought at **Docket No. 47**.  Don King Amended the Complaint to correct its caption, **(Docket No. 46)**.  Therein it requested correction of the name José Cortés for José Otero, his wife Jane Doe and the Conjugal Partnership which they constitute

d/b/a Black Bandit. *Id.* The court granted the motion on February 28, 2005 **(Docket No. 76)**.

**Conjugal Partnership Cortés-Doe** formerly Otero-Doe **d/b/a Black Bandit**. Don King Amended the Complaint to correct its caption **(Docket No. 46)**. Therein it requested correction of the name José Cortés for José Otero, his wife Jane Doe and the Conjugal Partnership they constitute d/b/a Black Bandit. *Id.* The court granted the motion on February 28, 2005 **(Docket No. 76)**. The motion to correct caption was filed two days after a motion to voluntarily dismiss the Conjugal Partnership of Otero-Doe d/b/a Black Bandit. The Court voluntarily dismissed the Conjugal Partnership of Otero-Doe d/b/a Black Bandit on February 24, 2005, but it did not grant the order to correct the caption until February 28, 2005. *See Docket Nos. 72, 73, 76.*

2.     **Lowenbrau**

**Jesús Rivera** formerly Manuel Rivera. Don King Amended the Complaint to correct the case's caption **(Docket No. 46)**. Therein it requested correction of the name Jesús Rivera for Manual Rivera, his wife Jane Doe and the Conjugal Partnership which they constitute d/b/a Lowenbrau. *Id.* The court granted the motion on February 28, 2005 **(Docket No. 76)**. Default entry was entered at **Docket Nos. 70, 75**. Default judgment is sought at **Docket No. 48**.

**Conjugal Partnership Rivera-Doe d/b/a Lowenbrau**. Don King Amended the Complaint to correct the caption of the case **(Docket No. 46)**. Therein it requested correction of the name Jesus Rivera for Manual Rivera, his wife Jane Doe and the Conjugal Partnership which they constitute d/b/a Lowenbrau. *Id.* The court granted the motion on February 28, 2005 **(Docket No. 76)**. The motion to correct caption was filed two days after the filing of a motion to voluntarily dismiss Conjugal Partnership of Rivera-Doe d/b/a Lowenbrau. The Court voluntarily dismissed the the Conjugal Partnership of Rivera-Doe d/b/a Lowenbrau on February 24, 2005, but it did not grant the order to correct the caption until February 28, 2005. *See Docket Nos. 72, 73, 76.*

3.     **Jarana's Café**

**Francisco Román** formerly Pedro Santiago. Don King Amended the Complaint to correct the case's caption **(Docket No. 46)**. Therein it requested correction of the name Francisco Román for Pedro Santiago, his wife Jane Doe and the Conjugal Partnership which they constitute d/b/a Jarana's Café. *Id.* The court granted the motion on February 28, 2005 **(Docket No. 76)**. Default was entered at **Docket Nos. 70, 75**. Default judgment is sought at **Docket No. 49**.

**Conjugal Partnership Román-Doe** formerly Santiago Doe **d/b/a Jarana's Café & Bar**. Don King Amended the Complaint to identify and include the Conjugal Partnership and its d/b/a/ **(Docket No. 46)**. Therein it requested correction and substitution of the name Francisco Román for Pedro Santiago, his wife Jane Doe and the Conjugal Partnership

which they constitute d/b/a Jarana's Café (**Docket No. 46**).  The court granted the motion on February 28, 2005 (**Docket No. 76**). The motion to correct caption was filed two days after the filing of a motion to voluntarily dismiss the Conjugal Partnership of Santiago-Doe d/b/a Jarana's Café.  The Court voluntarily dismissed the action against the Conjugal Partnership of Santiago-Doe d/b/a Jarana's Café on February 24, 2005, but it did not grant the order to correct the caption until February 28, 2005.  *See Docket Nos. 72, 73, 75, 76.*

4.      **Restaurante y Pescaderia Iremar**.

**Restaurante y Pescaderia Iremar, Inc**.  Default was entered at **Docket No. 82**.  Default judgment is sought at **Docket Nos. 78, 79**.

**Waleska Esquilín**.  Default judgment was entered  at **Docket Nos. 70, 75**.  Default judgment is sought at **Docket No. 50**.

**Conjugal Partnership Doe-Esquilíin d/b/a Restaurant y Pescaderia Iremar, Inc**.  Entry of Default appears at **Docket No. 75**.  Default judgment is sought at **Docket Nos. 50, 78, 79**.
**Ireida Vázquez, Individually and in representation of the Conjugal Partnership between she and her husband John Doe d/b/a Restaurante y Pescaderia**.  Entry of Default appears at **Docket No. 82**.  Default judgment is sought at **Docket No. 79**.

5.      **Agustín Laboy; Conjugal Partnership Laboy-Doe d/b/a Colmado Laboy**.   Default was entered at **Docket Nos. 70, 75**.  Default judgment is sought at **Docket Nos. 53, 67**.

6.      **Mayra Piñero**; **Conjugal Partnership Doe-Piñero d/b/a Daguao Liquor Store**.  Default was entered at **Docket Nos. 70, 75**.  Default judgment is sought at **Docket No. 55**.

7.      **Broadway Bar & Grill**

**Emely Pardo; Conjugal Partnership Doe-Pardo d/b/a Broadway Bar & Grill**.  Default was entered at **Docket Nos. 70, 75**.  Default judgment is sought at **Docket No. 56**.

**Angel *Díaz-Rivera*; Conjugal Partnership *Díaz-Doe* d/b/a Broadway Bar & Grill**.  An Entry of Default appears at **Docket No. 70, 75, 82**.  Default judgment is sought at **Docket No. 77**.

Default judgment is sought for two different Conjugal Partnership in two different motions, **Docket No. 56 and Docket 77**, however, both motions do mention the same commercial establishment, Broadway Bar & Grill.  Both motions refer to a single service of summons **Docket No. 33** and served upon Angel Díaz-Rivera.  It appears that the actual Conjugal Partnership consists of Emely Pardo and Angel Díaz-Rivera d/b/a Broadway Bar & Grill.

8.      **El Nuevo Milenio Pub**

**Ilian Ramos**.  Entry of Default appears at **Docket Nos. 70, 75**.   Default

judgment is sought at **Docket No. 58**.

**Conjugal Partnership Ramos-Doe d/b/a El Nuevo Milenio Pub**.  Default has not been entered.    The entry of an order of Default and default judgment is sought at Docket No. 58[5].

9.      **Popeye's**.

**Jadiel Ortíz.**  Entry of Default appears at **Docket No. 70**.    Default judgment is sought at **Docket No. 59**.

**Conjugal Partnership *Ortiz-Doe* d/b/a Popeye's**.  Entry of Default appears at **Docket No. 75**. Request for Entry of Default and default judgment is sought at **Docket No. 59**.

10.    **Martin's BBQ, Inc.**; **Javier Marrero; Conjugal Partnership Marrero-Doe d/b/a Martin's BBQ, Inc.**  Default was entered at **Docket Nos. 70, 75**.  Default judgment is sought at **Docket No. 65, 66**.

11.    **Ernesto Torres; Conjugal Partnership Torres-Doe d/b/a Cafeteria Torres**.   Default was entered at **Docket Nos. 70, 75**.  Default judgment is sought at **Docket No. 61**.

12.    **Luis Guillermo De-Jesús-Pérez; Conjugal Partnership De-Jesús-Doe d/b/a Marcelo's Pub.**  The answer to the complaint was to be filed on February 11, 2005.  Defendants, represented by counsel, filed their answer on February 15, 2005.  *See Docket No. 42*.  Don King requested entry of default and default judgment on February 22, 2005 at **Docket No. 63**, and an Entry of Default followed, found at **Docket Nos. 70, 75**.

**III.    Motion to Quash Summons**

Defendants Omar Mojica and El Ocho Pizzas Burger, Inc. move to quash summons (**Docket Nos. 3, 45**).   Counsel for said defendants  appeared at the hearing held on April 29, 2005.  He indicated to the Court that he would provide a sworn statement verifying that the fights at issue were not shown at the defendants' business establishment.   A motion was submitted by defendants requesting summons to be quashed.  Having examined the record, it is determined that the evidence presented is

---

[5]The fact that there has been no entry of default as to the Conjugal Partnership Ramos-Doe d/b/a El Nuevo Milenio Pub appears to be an oversight inasmuch as the Court ordered the Clerk to enter default as to Docket No. 58, which is the motion seeking entry of default as to the Conjugal Partnership Ramos-Doe d/b/a El Nuevo Milenio Pub.   *See Docket No. 70*.  Therefore, **the Clerk of the Court is directed to enter default** as to this defendant.

insufficient and that Don King continues to have a viable claim. Plaintiff shall   refile the motion for entry of default and for default judgment, all while making sure that summons are properly issued and served.

Therefore, since the parties have agreed to and were instructed to meet and resolve the issue regarding the contested summons; it is RECOMMENDED that the Motions to Quash summons (**Docket Nos. 3, 45**) be considered **moot.**

IV.    **Analysis**

     A.     **Rule 55**

Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. *See* Fed.R.Civ.P. 55.  Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor.  First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. Fed.R.Civ.P. 55(a).   Second, following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2).

Fed.R.Civ.P. 55(a) authorizes a court to enter a default judgment against a party who has "failed to plead or otherwise defend" an action. Default judgment may be entered by  the Clerk "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person."

Civil 04-2155 (JAG)                                                    Page 8

---

Fed.R.Civ.P. 55(b)(1).

In all other cases the Court can enter judgment by default when the party entitled to a judgment by default applies to the court. Fed.R.Civ.P. 55(b)(2). "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." *Id.*

Don King Productions, Inc. (hereafter "Don King") complied with the requisites of Rule 55 in that it first sought entry of default, and now requests default judgment and damages. Having reviewed the record, the undersigned determines that default judgment is appropriate and RECOMMENDS the entry of Default Judgment as to the following defendants: **Restaurante y Pescadaria Iremar, Inc.**; **Waleska Esquilín; Conjugal Partnership Doe-Esquilín d/b/a Restaurant y Pescaderia Iremar, Inc.**; **Ireida Vázquez; Agustin Laboy; Conjugal Partnership Laboy-Doe d/b/a Colmado Laboy; Mayra Piñero**; **Conjugal Partnership Doe-Piñero d/b/a Daguao Liquor Store; Emely Pardo; Conjugal Partnership Doe-Pardo d/b/a Broadway Bar & Grill; Angel Díaz-Rivera; Conjugal Partnership Díaz-Doe d/b/a Broadway Bar & Grill; Ilian Ramos; Conjugal Partnership Ramos-Doe d/b/a El Nuevo Milenio Pub; Jadiel Ortíz; Conjugal Partnership Ortíz-Doe d/b/a Popeye's; Martin's BBQ, Inc.**; **Javier Marrero; Conjugal Partnership Marrero-Doe d/b/a Martin's BBQ, Inc.; Ernesto Torres;** and, **Conjugal Partnership Torres-Doe d/b/a Cafetería Torres**.

Don King voluntarily dismissed three Conjugal Partnership defendants: these being: Conjugal Partnership Otero-Doe d/b/a Black Bandit; Conjugal Partnership Rivera-Doe d/b/a Lowenbrau; and

Conjugal Partnership Santiago-Doe d/b/a Jarana's Café & Bar.  All of these Conjugal Partnerships were subject to corrections or amendments to the caption of the complaint.  Because  the Order to correct the caption was not entered until after the Order granting the motion to voluntarily dismiss the defendants, it is unclear whether Don King intended for the "corrected" Conjugal Partnerships to be dismissed or if the intent was that of having the parties substituted.  Accordingly, Don King is directed to advise the Court of the status as to defendants **Conjugal Partnership Cortés-Doe** formerly Otero-Doe **d/b/a Black Bandit; Conjugal Partnership Rivera-Doe d/b/a Lowenbrau;** and **Conjugal Partnership Román-Doe** formerly Santiago-Doe **d/b/a Jarana's Café & Bar**.  Don King shall advise the Court of the status by **September 16, 2005.**  The Court will hold in abeyance the motions for default judgment **(Docket Nos. 47, 48, 49)** as to these defendants as well as the individuals named in the motions for default judgment (i.e.  **José Cortés** formerly Jose Otero; **Jesús Rivera** formerly Manuel Rivera; **Francisco Román** formerly Pedro Santiago)  pending notification from Don King[6].

Default judgment is not appropriate as to Defendants Luis Guillermo De-Jesus-Perez and the Conjugal Partnership De-Jesus-Doe d/b/a Marcelo's Pub inasmuch as they answered the complaint.  The undersigned realizes that the complaint was not timely filed.  However, defendants have appeared and their answer was not unduly late.  Accordingly, it is RECOMMENDED that the Entry of Default found at Docket No. 75 be **VACATED** and that the Motion for Default Judgment be **DENIED**.    **B.**     **47 U.S.C. § 605**

In conjunction with the motion for entry of default judgment Don

---

[6]Motions at **Docket No. 47, 48 and 49 are NOTED**, and for statistical purposes are deemed ruled upon, pending further clarification by plaintiff.

King seeks damages pursuant to 47 U.S.C. § 605 of the Federal Communications Act of 1934, as amended.  Section 605  of the Act provides for civil penalties for the unauthorized publication or use of communications.   In addition to statutory civil damages, § 605 also provides for the award of reasonable attorneys fees.  More particularly, the statute sets forth that:

> (B) The court . . . (ii) may award damages as described in subparagraph (C); and (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.
> (C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
> (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
> (iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

47 U.S.C. § 607.

In the case at bar, Don King alleges that the defaulted defendants, without authorization, exhibited a boxing event in their commercial establishments.

### C.   Evidence on Record

Don King Productions, Inc. is the registered copyright holder of "Night of the Undisputed. . . Back-to-Back-to-Back" Bernard Hopkins v. William Joppy & Richardo Mayorga v. Corey Spinks (**Docket No. 80**, Ex.). Authorized commercial establishments which contracted with Don King were required to pay to it a sublicense fee to receive and be able to view the event. The sublicense fee was based upon the capacity of the establishment. The fee was based on $20 times the maximum fire code occupancy of the commercial establishment purchasing the event (i.e. maximum fire code occupancy of 150 persons equals a $3,000 fee - 150 times $20). *Skip Klauber Aff.*

On December 13 and 14, 2003, the following establishments, without authorization, displayed the Bernard Hopkins v. William Joppy boxing match:   Black Bandit (one television, 13 to 14 persons at establishment); Cafeteria Torres (one television, 22 to 30  persons at establishment); Ceiba Broadway Bar & Grill Liquor Mini Market[7] (two

---

[7]Suit was filed against the Conjugal Partnership Doe-Pardo d/b/a Broad Bar & Grill and the Conjugal Partnership Díaz-Doe d/b/a Broad Bar & Grill.  This appears to be the same establishment and is located in Ceiba, Puerto Rico.   Separate requests for entry of default and default judgment were filed.  The requests for entry of default and default judgment for the Conjugal Partnership Doe-Pardo d/b/a Broadway Bar & Grill is found at Docket No. 56.  The requests for entry of default

televisions, 25 persons at establishment); Jarana's Café (three televisions, 55 to 70 persons at establishment); Colmado Laboy (two televisions, 40 persons at establishment); Daguao Liquor Store (one television, 10 to 18 persons at establishment); El Nuevo Milenio Pub (two televisions, 60 persons at establishment); Marcelo's Pub[8] (one television, 25 persons at establishment);  Lowenbrau (one television it being a big screen, 33 to 55 persons at establishment); Popeye's Place (one television, 13 to 20 persons at establishment); Martin's BBQ[9] (three televisions, 30 to 32 persons at establishment); Restaurante Iremar (two televisions one being a big screen, 10 persons at establishment) (**Docket No. 47, 48, 49, 50, 53, 55, 56, 58, 59, 60, 61, 63, 77, 78, 79**, affs.).  None of the foregoing establishments paid the licensing fee and they unlawfully obtained transmission of the boxing event.  None of the foregoing establishments charged an admission fee to the boxing event.

Don King asserts that in addition to the lost licensing fees, the commercial establishments obtained profit inasmuch as, the patrons of the foregoing establishments purchased food and/or drinks while

---

and default judgment for the Conjugal Partnership Díaz-Doe d/b/a Broadway Bar & Grill is found at Docket No. 77.  Both motions contain identical affidavits with identical information as to  Broadway Bar in support of default judgment

[8]This defendant answered the complaint.

[9]The supporting documentation enabling consideration of the request for entry of default judgment as to  for Martin's BBQ is found at Docket 60 and is not attached to the motion for default judgment found at Docket No. 65.

viewing the event.   *Skip Klauber Aff.*  According to Don King, were it not for the unlawful display of the boxing event, the patrons would have had to view same at a commercial establishment duly authorized by Don King to receive and exhibit the transmission.  *Id.*

Don King asserts it lost and will continue to lose as customers, legitimate commercial establishments who are unwilling and financially unable to compete with unauthorized commercial establishments, inasmuch as legitimate commercial establishments cannot attract paying customers, recover the sublicense fees paid, lose patrons and incur financial loss.  *Id.* Additionally, the unlawful exhibition of the boxing event eroded Don King's base of customers.  *Id.*

Don King suffered and claims damage to its goodwill and reputation and loss of its right and ability to control and receive fees for the transmission of the boxing event.   *Skip Klauber Aff.*  This occurs inasmuch as Don King, during negotiations of sublicense fees, represents to legitimate commercial establishments the location of other authorized commercial establishments licensed to receive the programming and when an unauthorized establishments exhibits an event, it appears to the legitimate commercial establishment that Don King has engaged in misrepresentation.

**D.    Damages**

Don King seeks to recover statutory damages under 47 U.S.C. §§

605(e)(3)(C). For "each violation" of 47 U.S.C. §§ 605(a), a court may award the aggrieved party a statutory damage award  of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. §§ 605(e)(3)(C)(i)(II). Don King seeks the maximum statutory damages of $10,000.00, based upon the defendants' unauthorized exhibition of the boxing event to their patrons.  Having examined the undisputed evidence on record, it is considered that plaintiff has provided justification for an award of the maximum statutory amount of $10,000.  Therefore, it is RECOMMENDED that Don King be awarded $10,000 as statutory damages per each defendant and/or group of defendants.

Don King also seeks the imposition of and payment of additional damages contending that the violation of the defendants was "willful". Section 605(e)(3)(C)(ii) provides that a court may increase statutory damages by an amount of not more than $100,000 for each violation if the violation was committed "willfully" and for purpose of direct or indirect commercial advantage or private financial gain.  Don King asks the Court to impose the maximum $100,000 amount for each violation.

Don King has provided evidence to support a claim of willful damages.  The affidavits submitted infer an indirect commercial advantage for the business establishments.  The affidavits refer to the number of televisions in each commercial establishment and the number

of patrons inside the establishment on the date and  at the time the boxing match was broadcasted and the defendant's investigator was present.  It is noted, however, that none of the affidavits indicate the maximum occupancy allowed per establishment; none of these establishments had more than 70 persons present.  Generally, the number of patrons was in the 25 to 30 range.  More so, Don King did not provide to the Court any amount, not even an estimate, of the toal profit made by these establishments nor the average number of customers or profit regularly made by these commercial establishments exhibiting the boxing match.  Accordingly, the Court declines to impose the maximum $100,000 but instead RECOMMENDS an award of $50,000 for such willful violation.

The statute provides for statutory damages for each violation.  The undersigned determines that "each violation" does not equate to each defendant, but rather refers to the unauthorized  broadcast in each establishment, and what has been referred to by Don King as "a case".   Therefore, it is RECOMMENDED that the following damages be awarded to Don King Productions, Inc: for each case an aggregated defendants the amount of  $10,000 in statutory damages and $50,000 in "willful" statutory damages for a total award of $60,000 in statutory damages.

**(1) Case:  Restaurante y Pescaderia Iremar.**      Defendants: Restaurante y

Pescaderia Iremar, Inc.; Waleska Esquilín; Conjugal Partnership Doe-Esquilín d/b/a Restaurant y Pescaderia Iremar, Inc.; Ireida Vázquez, Individually and in representation of the Conjugal Partnership between she and her husband John Doe d/b/a Restaurante y Pescaderia.

(2)   **Case: Colmado Laboy**.   Defendants: Augustín Laboy; Conjugal Partnership Laboy-Doe d/b/a Colmado Laboy.

(3)   **Case: Daguao Liquor Store**.   Defendants: Mayra Piñero; Conjugal Partnership Doe-Piñero d/b/a Daguao Liquor Store.

(4)   **Case: Broadway Bar & Grill**.   Defendants:  Emely Pardo; Conjugal Partnership Doe-Pardo d/b/a Broadway Bar & Grill. Angel Díaz-Rivera; Conjugal Partnership Díaz-Doe d/b/a Broadway Bar & Grill.

(5)   **Case: El Nuevo Milenio Pub**.   Defendants: Ilian Ramos; Conjugal Partnership Ramos-Doe d/b/a El Nuevo Milenio Pub.

(6)   **Case: Popeye's**.  Defendants:  Jadiel Ortíz;  Conjugal Partnership Ortíz-Doe d/b/a  Popeye's.

(7)   **Case: Martin's BBQ, Inc.**  Defendants: Martins' BBQ, Inc; Javier Marrero; Conjugal Partnership Marrero-Doe d/b/a Martin's BBQ, Inc.

(8)   **Case: Cafetería Torres.**    Defendants:  Ernesto Torres; Conjugal Partnership Torres-Doe d/b/a Cafetería Torres.

**E.     Attorneys' Fees**

Don King also seeks attorneys' fees and costs.  Don King has provided affidavits in every instance it seeks default judgment, and it

certified that the total legal fees incurred in connection with a case amounts to $5,000.  It also certified that the cost incurred as to each defendant totaled $170.00.

Section § 605(e)(3)(B)(iii) of the Federal Communications Act of 1934, as amended,  authorizes a court to award to a "prevailing aggrieved party" the costs and reasonable attorneys' fees which it incurred in prosecuting its claims to judgment.  As just mentioned, in support of its application for attorneys' fees, plaintiff has submitted an affidavit.  The affidavit is seriously wanting and as a result Don King was questioned about the request for attorneys' fees during the April 29, 2005,  hearing.

Counsel for Don King stated that the $5000 amount is an estimate of the attorneys fee for each case.  The undersigned finds that each case includes the business entity and its owners, so that a case may consist of multiple defendants.   While responding to this Magistrate-Judges inquiry, counsel testified that only one attorney worked on the case and that the fee included the time devoted to review all the documents filed; interviews of the private investigator; drafting of the complaint; determining whether the business establishment was a corporation or was an individual establishment; researching  corporate records; and discussing the case with private investigators.

Counsel for Don King estimated that for each case 15 hours of time

spent was a fair estimate in that some cases required more time and some required less time.   Counsel's rate is  $150 per hour.  He also indicated that the costs incurred as to each defendant was $170.00.

Having reviewed the affidavits, the pleadings filed and the testimony of plaintiffs' counsel, the undersigned finds that the amount requested in attorneys fees, that being $5,000 per defendant, does not represent a reasonable fee. However, the undersigned finds reasonable counsel's testimony that 15 hours of time was expended per case. Therefore, considering his hourly fee of $150 and the 15 hours of time per case, it is RECOMMENDED that attorneys' fees be awarded in the sum of $2,250 for each case; said fee to be paid by the aggregate defendants as previously outlined above:   Restaurante y Pescaderia Iremar; Colmado Laboy; Daguao Liquor Store;  Broadway Bar & Grill; El Nuevo Milenio Pub;  Popeye's;  Martin's BBQ, Inc.; and Cafetería Torres, for a total of  $18,000 ($2,250 times 8 cases).

It is further RECOMMENDED that Don King be awarded $170.00 in costs per defendant for the following defendants:   Restaurante y Pescaderia Iremar, Inc.; Waleska Esquilín; Conjugal Partnership Doe-Esquilín d/b/a Restaurant y Pescaderia Iremar, Inc.; Ireida Vázquez, Individually and in representation of the Conjugal Partnership between she and her husband John Doe d/b/a Restaurante y Pescaderia; Augustín Laboy; Conjugal Partnership Laboy-Doe d/b/a Colmado Labor; Mayra

Piñero; Conjugal Partnership Doe-Piñero d/b/a Daguao Liquor Store;

Emely Pardo; Conjugal Partnership Doe-Pardo d/b/a Broadway Bar &

Grill; Angel Díaz-Rivera; Conjugal Partnership Diaz-Doe d/b/a

Broadway Bar & Grill; Ilian Ramos; Conjugal Partnership Ramos-Doe

d/b/a El Nuevo Milenio Pub;   Jadiel Ortíz;   Conjugal Partnership

Ortíz-Doe d/b/a Popeye's; Martins' BBQ, Inc; Javier Marrero; Conjugal

Partnership Marrero-Doe d/b/a Martin's BBQ, Inc.; and Ernesto Torres;

Conjugal Partnership Torres-Doe d/b/a Cafetería Torres for a total of

$3,570.00 in costs ($170 times 21 defendants).

**V.     Conclusion**

       **IT IS THEREFORE RECOMMENDED** as follows:

(a)   That the Motions to Quash summons **(Docket Nos. 3, 45)** be

       considered **moot;**

(b)   That the Motions for Default Judgment **GRANTED** in part and

       **DENIED** IN part as follows:

           That default judgment be entered **(GRANTED)** as to the
following defendants: **Restaurante y Pescaderia Iremar, Inc. (Docket Nos.
78, 79)**; **Waleska Esquilín (Docket No. 50); Conjugal Partnership Doe-Esquilín
d/b/a Restaurant y Pescaderia Iremar, Inc. (Docket Nos. 50, 78, 79)**;**Ireida
Vázquez (Docket Nos. 78, 79); Agustín Laboy (Docket No. 53, 67); Conjugal
Partnership Laboy-Doe d/b/a Colmado Laboy (Docket No. 53); Mayra Piñero
(Docket No. 55)**; **Conjugal Partnership Doe-Piñero d/b/a Daguao Liquor Store
(Docket No. 55); Emely Pardo (Docket No. 56); Conjugal Partnership Doe-Pardo
d/b/a Broadway Bar & Grill (Docket No. 56); Angel Díaz-Rivera (Docket No.
77); Conjugal Partnership Diaz-Doe d/b/a Broadway Bar & Grill (Docket No.
77); Ilian Ramos (Docket No. 58); Conjugal Partnership Ramos-Doe d/b/a El
Nuevo Milenio Pub (Docket No. 58); Jadiel Ortíz (Docket No. 59); Conjugal
Partnership Ortíz-Doe d/b/a  Popeye's (Docket No. 59); Martin's BBQ, Inc.
(Docket No. 65, 67)**; **Javier Marrero (Docket No. 65, 67); Conjugal Partnership
Marrero-Doe d/b/a Martin's BBQ, Inc. (Docket No. 65); Ernesto Torres (Docket**

No. 61);** and, **Conjugal Partnership Torres-Doe d/b/a Cafetería Torres (Docket No. 61);**

> The Entry of Default found at Docket No. 75 as to defendants Luis Guillermo De-Jesús-Pérez and Conjugal Partnership De-Jesús-Doe d/b/a Marcelo's Pub be **VACATED** and that the Motion for Default Judgment **(Docket No. 63)** be **DENIED;**

(c)  That statutory damages be awarded for each case from the following aggregate defendants the sum of $10,000 in statutory damages and $50,000 in willful statutory damages for a total of $60,000 statutory damages. (The sum awarded totals $480,000.)

> **Case: Restaurante y Pescaderia Iremar.**  Defendants: Restaurante y Pescaderia Iremar, Inc.; Waleska Esquilín; Conjugal Partnership Doe-Esquilín d/b/a Restaurant y Pescaderia Iremar, Inc.; Ireida Vázquez, Individually and in representation of the Conjugal Partnership between she and her husband John Doe d/b/a Restaurante y Pescaderia.
> **Case: Colmado Laboy**.  Defendants: Augustín Laboy; Conjugal Partnership
> Laboy-Doe d/b/a Colmado Laboy.
> **Case: Daguao Liquor Store**.  Defendants: Mayra Piñero; Conjugal
> Partnership Doe-Piñero d/b/a Daguao Liquor Store.
> **Case: Broadway Bar & Grill**.  Defendants: Emely Pardo; Conjugal Partnership Doe-Pardo d/b/a Broadway Bar & Grill. Angel Díaz-Rivera; Conjugal Partnership Díaz-Doe d/b/a Broadway Bar & Grill.
> **Case: El Nuevo Milenio Pub**. Defendants: Ilian Ramos; Conjugal Partnership Ramos-Doe d/b/a El Nuevo Milenio Pub.
> **Case: Popeye's**.  Defendants: Jadiel Ortíz; Conjugal Partnership Ortíz-Doe d/b/a Popeye's.
> **Case: Martin's BBQ, Inc.**  Defendants: Martins' BBQ, Inc; Javier Marrero; Conjugal Partnership Marrero-Doe d/b/a Martin's BBQ, Inc.
> **Case: Cafetería Torres**.  Defendants: Ernesto Torres; Conjugal Partnership Torres-Doe d/b/a Cafetería Torres; and,

(d)   That Don King Productions, Inc. be awarded attorneys' fees totaling $18,000.00 and costs totaling $3,570.00.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.   Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice.   Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).   Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order.   *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986*); Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).   The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.   *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 30th day of August, 2005.

                                                            **S/AIDA M. DELGADO-COLON**
                                                            **U.S. Magistrate-Judge**